UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:                                  Chapter 11

DIMOSTHENIS L. ANGELAKOS,               Case No: 8:10-bk-05667-CED

_____Debtor(s)._____/

## PLAN OF REORGANIZATION

**COMES NOW** DIMOSTHENIS L. ANGELAKOS, (hereinafter referred to as the "Debtor") by and through his undersigned attorneys and files this his Plan Of Reorganization (hereinafter referred to as the "Plan") and states as follows:

**A.    UNCLASSIFIED CLAIM(S):**

Certain types of claims are automatically entitled to specific treatment under the Code. They are not considered impaired, and holders of such claims do not vote on the Plan. They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code. As such, the Plan Proponent has not placed the following claims in any class:

1.    Administrative Expense Claims. Administrative expenses are costs or expenses of administering the Debtor's chapter 11 case which are allowed under §507(a)(2) of the Code. Administrative expenses also include the value of any goods sold to the Debtor in the ordinary course of business and received within 20 days before the date of the bankruptcy petition. The Code requires that all administrative expenses be paid on the effective date of the Plan, unless a particular claimant agrees to a different treatment.

Estimated administrative expenses are Twenty Thousand Dollars ($20,000.00) in attorney and accounting fees and shall be paid on or before confirmation or upon entry of an Order, if Court approval is required. The cost of the Clerk of Court for notices and the United States Trustee's quarterly fees will be paid on or before the confirmation hearing.

2.    Priority Tax Claims. Priority tax claims are unsecured income, employment, and other taxes described by §507(a)(8) of the Code. Unless the holder of such a §507(a)(8) priority tax claim agrees otherwise, it must receive the present value of such claim, in regular installments paid over a period not exceeding five (5) years from the order of relief. Their proposed treatment under the Plan:

a)    11 U.S.C. Section 507(a)(8) - Taxes and Certain

1

Other Debts Owed to Governmental Units:

    i. <u>Internal Revenue Service</u>: This claimant shall be paid its allowed claim, in full within five (5) years after the date of the order for relief and in a manner not less favorable than the most favored non-priority unsecured claim provided for by the Plan. Pursuant to Section 1129(a)(9)(C) and (D), this claim must be paid no later than March 15, 2015, five (5) years after the date of the Order of relief (the "Petition Date"). This claim will be paid with the statutory interest at the rate in effect at the time of confirmation. This claim will be paid in monthly installments commencing thirty (30) days from the entry of the confirmation order; and

    ii. <u>Department of Revenue</u>: This claimant shall be paid their allowed claim, in full within six (6) years from the date of assessment shown on the proof of claim plus interest at the rate set forth in the Internal Revenue Code, Section 6601 and 6621, in equal monthly installments; and

b) 11 U.S.C. Section 507(a)(3) - Wages, salaries and commissions:

These claimants, if any, shall be paid their allowed claim at the statutory rate without interest within ninety (90) days of the entry of the confirmation order.

## B. **TREATMENT OF CLAIM(S)**:

1. <u>Unimpaired</u>: The Unclassified claims are unimpaired. All other claims that are not impaired under this Plan in accordance with Section 1124 of the Bankruptcy Code are as follows:

| None | |
|---|---|

2. <u>Impaired</u>: The treatment prescribed for claims in the Plan and the Disclosure Statement shall in all events refer exclusively to the allowed amount of each respective claim. In the event, the allowed amount of any claim is not determined by agreement or otherwise, prior to the effective date, then the treatment prescribed shall be deemed effective as of the date of the determination of the allowed amount of each claim by agreement or through the entry of a final order. Notwithstanding confirmation of the Plan, the Debtor shall have the right to object to any claim

for any reason authorized by applicable bankruptcy and non-bankruptcy law as well as a right to assert that any claim includes amounts subject to equitable subordination or other equitable relief. The claims in following classes are impaired under the Plan:

| Class I | Secured - Pinellas County Tax Collector |
| --- | --- |
| Class II | Secured - Bayview Financial Loan (1st Mortgage - 100- 106 Tarpon Avenue) |
| Class III | Secured - Demetrius & Rodoula Kalamaras (2nd Mortgage - 100-106 Tarpon Avenue) |
| Class IV | Secured - Aurora Loan Services (6129 High Street) |
| Class V | Secured - Aurora Loan Services (1st Mortgage - 6137 High Street) |
| Class VI | Secured - George Gianakos (2nd Mortgage -6137 High Street) |
| Class VII | Secured - Metroplex Investments (1453 Cockleshell Drive) |
| Class VIII | Secured - Sovereign Bank FSB (1st - 19 Merrymount Street) |
| Class IX | Secured - Peter Leunes (2nd mortgage - 19 Merrymount Street) |
| Class X | Secured - 5647 - 5707 James Street and 5628-5642 Charles Street, NPR, FL ) |
| Class XI | General Unsecured |

3. **Impairment Controversies**: If a controversy arises as to whether any Claim, or any class of Claims, is impaired under the Plan, the Bankruptcy Court shall determine such controversy.

### C. CLASSIFICATION OF CLAIMS AND PROVISIONS FOR THE PAYMENT OF CLAIMS:

The Creditors were divided into classes, depending on the nature of their respective interest, and the treatment to be afforded under the Plan. Classes and their intended treatment are set forth below:

1. **Class I**: Class I shall is the secured claim of the County

3

Tax Collector(s), including any tax certificate holders. The Tax collector claim(s) filed to date are as follows:

| Claim # | Claimant | Amount |
|---|---|---|
| 22 | Pinellas County | $34,658.56 |
| Sch | Pasco County | $0.00 |

To the extent any tax certificate holders claims are not duplicative of the debt owed to the tax collector, claimants in this Class shall be paid as follows:

(a) Any claims for the real property surrendered shall run with the land and will not constitute a personal liability to the Debtors inasmuch as the property shall be surrendered; and

(b) Any claim for the retained property shall be paid in full, plus statutory interest, at the rate in effect at the time of confirmation in sixty (60) equal monthly installments commencing thirty (30) days from the entry of the confirmation order.

These claimant(s) will retain their lien securing their claim, post-confirmation to the same extent, validity and priority as existed pre-petition. There is no pre-payment penalty for early payment.

**100 - 106 East Tarpon Avenue, Tarpon Springs, FL**

2. <u>Class II</u>: Class II shall consist of the secured claim of **Bayview Servicing LLC**, who holds a mortgage on Debtor's real property located at East Tarpon Avenue, Tarpon Springs, Florida in the amount of $763,914.35 **(Claim #27)**. The property is being appraised to determine the amount of the allowed secured claim. The allowed secured claim will be paid at 5.25% interest amortized for thirty (30) years with a balloon payment in sixty (60) months from entry of the confirmation order. The pre and post-petition arrearages will be amortized into the loan. This creditor will retain its lien to the same validity and priority as existed pre-petition.

3. <u>Class III</u>: Class III shall consist of the claim of **Demetrius & Rodoula Kalamaras**, who holds a mortgage on Debtor's real property located at East Tarpon Avenue, Tarpon Springs, Florida in the amount of $106,499.98 **(Claim #28)**. This claim is unsecured inasmuch as the value of the collateral is less than the first mortgage. Accordingly, the Debtor has or will file his Motion to Determine Secured Status to strip this lien in accordance with 11 U.S.C. §506 of the Bankruptcy Code. The allowed unsecured claim

shall be treated as set forth in *Class XI*.

In the event of an allowed secured claim, said allowed secured claim will be paid at 5.25% interest amortized for thirty (30) years with a balloon payment in sixty (60) months from entry of the confirmation order. The pre and post-petition arrearages will be amortized into the loan.

### 6129, 6131 & 6133 High Street, NPR, FL

4. <u>Class IV</u>: Class IV shall consist of the secured claim of **Aurora Loan Services**, who holds a mortgage on Debtor's real property located at 6129, 6131 & 6133 High Street, NPR, Florida in the amount of $103,668.87 **(Claim #23)**. The property has a value of $80,000.00 which is the allowed secured claim. The allowed secured claim will be paid at 5.25% interest amortized for thirty (30) years with a balloon payment in sixty (60) months from entry of the confirmation order. The pre and post-petition arrearages will be amortized into the loan. This creditor will retain its lien to the same validity and priority as existed pre-petition.

### 6137, 6139, 6141 High Street, NPR, FL

5. <u>Class V</u>: Class V shall consist of the secured claim of **Aurora Loan Services**, who holds a mortgage on Debtor's real property located at 6137, 6139, 6141 High Street, NPR, Florida in the amount of $101,503.47 **(Claim #18)**. The property has a value of $80,000.00 which is the allowed secured claim. The allowed secured claim will be paid at 5.25% interest amortized for thirty (30) years with a balloon payment in sixty (60) months from entry of the confirmation order. The pre and post-petition arrearages will be amortized into the loan. This creditor will retain its lien to the same validity and priority as existed pre-petition.

6. <u>Class VI</u>: Class VI shall consist of the secured claim of **George Gianakos**, who holds a mortgage on Debtor's real property located at 6137, 6139, 6141 High Street, NPR, Florida of the Debtor in the approximate amount of $30,000.00. This claim is unsecured inasmuch as the value of the collateral is less than the first mortgage. Accordingly, the Debtor has or will file his Motion to Determine Secured Status to strip this lien in accordance with 11 U.S.C. §506 of the Bankruptcy Code. The allowed unsecured claim shall be treated as set forth in *Class XI*.

In the event of an allowed secured claim, said allowed secured claim will be paid at 5.25% interest amortized for thirty (30) years with a balloon payment in sixty (60) months from entry of the confirmation order.

### 1453 Cockleshell Drive, Holiday, FL

7.  <u>Class VII</u>:  Class VII shall consist of the secured claim of **MetroPlex Investments/Gelt Funding, LLP**, who holds a mortgage on Debtor's real property located at 1453 Cockleshell Drive, Holiday, Florida in the amount of $42,606.45 **(Claim #24)**.  The property is being appraised to determine the amount of the allowed secured claim.  The allowed secured claim will be paid at 5.25% interest amortized for thirty (30) years with a balloon payment in sixty (60) months from entry of the confirmation order.  The pre and post-petition arrearages will be amortized into the loan.  This creditor will retain its lien to the same validity and priority as existed pre-petition.

### 19 Merrymount Street, Staten Island, NY

8.  <u>Class VIII</u>:  Class VIII shall consist of the secured claim of **Sovereign Bank**, who holds a mortgage on Debtor's real property located at 19 Merrymount Street, Staten Island, New York, of the Debtor in the amount of $264,666.44 **(Claim #11)**.  The Debtor will continue making this payment in accordance with the Mortgage until the property is sold.

9.  <u>Class IX</u>:  Class IX shall consist of the secured claim of **Peter Leunes**, who holds a mortgage on Debtor's real property located at 19 Merrymount Street, Staten Island, New York in the approximate amount of $120,000.00.  The Debtor will continue making this payment in accordance with the Mortgage until the property is sold.

### Petrina, LLC
### 5647-5707 James Street & 5628-5642 Charles Street, NPR, FL

10.  <u>Class X</u>:  Class X shall consist of the secured claim of **Emigrant Mortgage Company**, who holds a mortgage on Debtor's real property located at 5647-5707 James Street& 5628-5642 Charles Street, New Port Richey, Florida in the approximate amount of $676,808.31.  The property has a value of $550,000.00 which is the allowed secured claim.  The allowed secured claim will be paid at 5.25% interest amortized for thirty (30) years with a balloon payment in sixty (60) months from entry of the confirmation order.  The pre and post-petition arrearages will be amortized into the loan.  This creditor will retain its lien to the same extent, validity and priority as existed pre-petition.

11.  <u>Class XI</u>:  Class XI shall consist of the ***general unsecured*** claims.  Creditors in this class shall be paid fifteen percent (15%) of their claim without interest in sixty (60) equal monthly installments commencing thirty (30) days from the entry of the confirmation order.  The source of the funds for payment of this class shall be the revenue derived from the continued operation of the Debtor's financial affairs.

Promissory Notes will be issued to each creditor in this

Class with allowed claims, that are timely filed, to evidence payments which promissory notes shall be enforceable in any Court of Competent Jurisdiction. Creditors that fail to file timely claims, whether their claims were scheduled shall not receive any distribution under the Plan. (See, *Exhibit "C"* to the Disclosure Statement).

D.   **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**:

On the Effective Date, all executory contracts and unexpired leases that exist between the Debtor(s) and any person or entity shall be deemed rejected as of the Confirmation Date, except for any executory contract or unexpired lease (i) which has been assumed or rejected pursuant to an order of the Bankruptcy Court entered prior to the Confirmation Date or, (ii) as to which a motion for approval of the assumption or rejection of such contract or lease has been filed prior to the Confirmation Date.

Claims arising out of the deemed rejection of an executory contract or unexpired lease must be filed with the Bankruptcy Court on or before any date established by the Bankruptcy Court for the filing of such Claims. Any Claims not filed within such applicable time period will be forever barred from assertion against the Debtor(s).

### RETENTION OF JURISDICTION

Until the case is closed the Court shall retain jurisdiction to insure that the purpose and intent of the Plan are carried out. The Court shall retain jurisdiction to hear and determine the following:

   a.   The classification of the claim of any creditor and the re-examination of claims which have been allowed for purposes of voting and the determination of such objections as may be filed against creditor's claims;

   b.   The determination of all questions and disputes regarding title to the assets of the estate and the determination of all causes of action, controversies, disputes or conflicts whether or not subject to action pending as of the date of confirmation between the Debtor and any other party included but not limited to any rights of parties in interest to recover assets pursuant to the provisions of Title 11 of the United States Code;

   c.   The correction of any defect, the curing of any omission or the reconciliation of any inconsistency in the Plan or the Order of Confirmation as may be necessary to carry out the purposes and intent of the Plan;

d. The modification of this Plan after confirmation pursuant to the Bankruptcy Rules and Title 11 of the United States Code;

e. The enforcement and interpretation of the terms and conditions of this Plan;

f. The entry of an Order including injunctions necessary to enforce the title rights and powers of parties in interest and to impose such limitations, restrictions, terms and conditions of such title rights and powers as this Court may deem necessary;

g. The entry of an order concluding and terminating this case.

### REQUEST FOR FINAL DECREE IN INDIVIDUAL CASE

The Debtor respectfully requests that upon filing proof the confirmed Plan of Reorganization is substantially consummated under Bankruptcy Code Section 1101(2), the Court enter a Final Decree under the following terms and conditions:

a. Confirmation of an individual Debtor's Plan does not discharge any debt provided for in the Plan until the Court grants a discharge on completion of all payments under the Plan, or as otherwise provided in Section1141(d)(5) of the Bankruptcy Code. The Debtor will not be discharged from any debt excepted from discharge under Section 523 of the Code, except provided in Fed. R. Bankr. P. 4007(c).

b. After this Chapter 11 case is fully administered, the Debtor will seek entry of a Final Decree under Fed. R. Bankr. P. 3022 administratively closing the chapter 11 case without entry of a discharge. Upon completion of all payments under the Plan or as otherwise available to the Debtor under Section 1141(d)(5)(B) of the Code, and certification of completion of an instructional course concerning personal financial management, the Debtor intends to file a Motion to Reopen the Case for the limited purpose of obtaining a Discharge.

DATED on this _29__ day of June, 2010.

_____
DIMOSTHENIS L. ANGELAKOS

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this _30_ day of June, 2010, a true and correct copy of the foregoing *Plan of Reorganization* has been furnished by ■ CM/ECF Electronic Mail to:

    Denise E Barnett, *Attorney for the United States Trustees' Office*, denise.barnett@usdoj.gov

    Buddy D. Ford, *Attorney for Debtor*, Buddy@tampaesq.com, Nancy@tampaesq.com; Peggy@tampaesq.com; Barbara@tampaesq.com; Jane@tampaesq.com; Jonathan@tampaesq.com; Staci@tampaesq.com

    L Joseph Hoffman, *Attorney for sovereign Bank*, ighernandez@spearhoffman.com

    Robert S Hoofman, *Attorney for Gelt Funding, LLP*, rhoofman@rushmarshall.com, arivera@rushmarshall.com

    Aleida Martinez-Molina, *Attorney for Emigrant Mortgage Company*, amartinez@becker-poliakoff.com, tfritz@becker-poliakoff.com; mmartico@becker-poliakoff.com

    Pinellas County Tax Collector (KH), pctcbk@taxcollect.com

    Brian L Rosaler, *Attorney for Bayview Loan Servicing, LLC*, brosaler@popkinrosaler.com

    United States Trustee - TPA, USTPRegion21.TP.ECF@USDOJ.GOV

    Scott R Weiss, *Attorney for Aurora Loan Services, LLC*, scott.weiss@marshallwatson.com, Jairo.Garcia@marshallwatson.com

and by ■ Regular U.S. Mail to:

    Internal Revenue Service, Attn: Special Procedures, 400 W. Bay Street, Suite 35045, Stop 5720, Jacksonville, FL 32202;

    Securities and Exchange Commission, Branch of Reorganization, 3475 Lenox Rd, NE, Ste. 1000, Atlanta, GA 30326-1232;

    Louis Bakkalapulo, *Attorney for Demetrius Kalamaris*, Louis Bakkalapulo, P.A., 111 N. Belcher Road, Suite 201, Clearwater, FL 33765;

Dimos Angelakos, 100 E. Tarpon Ave., Ste. 14, Tarpon Springs, FL 34689; and

20 Largest Unsecured Creditors.

    Respectfully submitted,

    BUDDY D. FORD, P.A.,

_____
Buddy D. Ford, Esquire (FBN: 0654711)
Email: *Buddy@tampaesq.com*
Barbara C. Leon, Esquire (FBN: 0582115)
Email: *Barbara@tampaesq.com*
Jane Sobotta, Esquire (FBN: 0036568)
Email: *Jane@tampaesq.com*
Jonathan A. Semach, Esquire (FBN: 0060071)
Email: *Jonathan@tampaesq.com*
115 North MacDill Avenue
Tampa, Florida  33609-1521
Telephone #: (813) 877-4669
Facsimile #: (813) 877-5543
Office Email: *Nancy@tampaesq.com*
Attorney for Debtor

Label Matrix for local noticing
113A-8
Case 8:10-bk-05667-CED
Middle District of Florida
Tampa
Wed Jun 30 14:01:57 EDT 2010

(p)ADVANTA
700 DRESHER RD
HORSHAM PA 19044-2206

American Express
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

Aurora Loan Services LLC
Scott Weiss Esq
1800 NW 49th Street Suite 120
Fort Lauderdale, FL 33309-3092

Bank Of America
4060 Ogletown/Stanton Rd
Newark, DE 19713

Bank Of America
Attn: Bankruptcy NC4-105-02-99
PO Box 26012
Greensboro, NC 27420-6012

Bank Of America
PO Box 1598
Norfolk, VA 23501-1598

Bayview Loan Servicing
c/o Popkin & Rosaler, PA
Brian L Rosaler Esq
1701 W Hillsboro Blvd Ste 400
Deerfield Beach, FL 33442-1572

Bayview Loan Servicing, LLC
c/o: Brian L. Rosaler, Esq.
POPKIN & ROSALER, P.A.
1701 West Hillsboro Boulevard
Suite 400
Deerfield Beach, FL 33442-1572

Chase
PO Box 15298
Wilmington, DE 19850-5298

Chase
Bank One Card Serv
Westerville, OH 43081

Citi
PO Box 6241
Sioux Falls, SD 57117-6241

Citi
PO Box 6500
Sioux Falls, SD 57117-6500

Citibank Na
1000 Technology Dr
MS 730
O'Fallon, MO 63368-2239

Denise E Barnett Esq
United States Trustee
501 East Polk Street
Suite 1200
Tampa, FL 33602-3945

Department of Labor and Security
Hartman Building Suite 307
2012 Capital Circle Southeast
Tallahassee FL 32399 0648

Department of Revenue
PO Box 6668
Tallahassee FL 32314-6668

Discover Fin
Attention: Bankruptcy Dept
PO Box 3025
New Albany, OH 43054-3025

Emigrant Mortgage Company
Becker & Poliakoff, P.A.
c/o Aleida Martinez Molina, Esq.
121 Alhambra Plaza, 10th Floor
Coral Gables, FL 33134-4540

Gelt Funding LLP
c/o Robert S. Hoofman
Post Office Box 3164
Orlando, Fl 32802-3164

George Gianakos
5124 Bonito Drive
New Port Richey, FL 34652-4406

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 21126
PHILADELPHIA PA 19114-0326

Office of US Attorney
Attn Civil Process Clerk
400 North Tampa St Suite 3200
Tampa FL 33602-4774

Pinellas County Tax Collector
P O Box 10834
Clearwater, FL 33757-8834

Sears/cbsd
Sears Bk Recovery
PO Box 20363
Kansas City, MO 64195-0363

Sovereign Bank
c/o L. Joseph Hoffman
9700 South Dixie Hwy, Suite 610
Miami, FL 33156-2825

(p)WACHOVIA BANK NA
PO BOX 13765
ROANOKE VA 24037-3765

(p)WACHOVIA DEALER SERVICES INC
BK DEPARTMENT
PO BOX 19657
IRVINE CA 92623-9657

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Advanta Bank Corp<br>PO Box 844<br>Spring House, PA 19477 | Internal Revenue Service<br>P.O. Box 21126<br>Philadelphia, PA 19114 | Wach/rec<br>P O Box 3117<br>Winston Salem, NC 27102 |
| Wfs Financial<br>Wachovia Dealer Svcs<br>PO Box 19657<br>Irvine, CA 92623 | End of Label Matrix<br>Mailable recipients    27<br>Bypassed recipients     0<br>Total                  27 | |